UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLARENDON NATIONAL
INSURANCE COMPANY,

        Plaintiff,        Case No.:

vs.

BRYAN ELECTRICAL
CONSTRUCTION, INC., and
KATHY G. BRYAN and JOSEPH
IVAN GOYER, JR. as Co-Personal
Representatives of THE ESTATE
OF JOSEPH IVAN GOYER, III,

        Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Clarendon National Insurance Company ("Clarendon") sues Bryan

Electrical Construction, Inc. ("Bryan Electrical") and Kathy G. Bryan and Joseph

Ivan Goyer, Jr. as Co-Personal Representatives of the Estate of Joseph Ivan

Goyer, III, for declaratory relief as follows:

### Jurisdiction, Venue, and Parties.

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. Clarendon is a citizen of New Jersey, as a corporation organized under

the laws of New Jersey, with its principal place of business in New York.

3.    Bryan Electrical is a citizen of Florida, as a corporation organized under
      the laws of Florida, with its principal place of business in Florida.

4.    Kathy G. Bryan is a citizen of Florida.

5.    Joseph Ivan Goyer, Jr. is a citizen of Florida.

6.    Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1367 because
      there is complete diversity of citizenship and the amount in controversy
      exceeds the sum or value of $75,000, exclusive of interests and costs.

7.    Venue is proper pursuant to 28 U.S.C. § 1391 because one or more of the
      defendants resides within this judicial district, and because a substantial
      part of the events or omissions giving rise to this action occurred in this
      judicial district.

### General Allegations

8.    This case concerns the interpretation of an insurance policy in light of a
      wrongful death lawsuit involving the death of Joseph Ivan Goyer, III, who,
      at the time of his death on October 9, 2002, was working for Bryan
      Electrical under the supervision of Vance Bryan.

9.    Bryan Electrical is a small family-run electrical business founded by
      George and Ellene Bryan.

10.   In October 2002, George and Ellene Bryan were the sole shareholders of
      Bryan Electrical.

2

11.    George and Ellene Bryan are:

    a.    the parents of Kathy G. Bryan;

    b.    the parents of Vance Bryan; and

    c.    the grandparents of Joseph Ivan Goyer, III.

12.    Kathy G. Bryan:

    a.    is the daughter of George and Ellene Bryan;

    b.    the sister of Vance Bryan; and

    c.    the mother of Joseph Ivan Goyer, III.

13.    Vance Bryan is:

    a.    the son of George and Ellene Bryan;

    b.    the brother of Kathy G. Bryan; and

    c.    the uncle of Joseph Ivan Goyer, III.

14.    Joseph Ivan Goyer, Jr. is the father of Joseph Ivan Goyer, III.

15.    Clarendon issued insurance policy 770000007721102 to Bryan Electrical.
A copy of the insurance policy is attached hereto as Exhibit "A."

16.    The policy period is from January 1, 2002 to January 1, 2003.

17.    On October 9, 2002, Vance Bryan and Joseph Ivan Goyer, III, were
employees of Bryan Electrical.

18.    That day, Vance Bryan and Joseph Ivan Goyer, III, were working together
rerouting electrical wires at a house.

19.    Vance Bryan was instructing and supervising Joseph Ivan Goyer, III.

3

20.   While working under Vance Bryan's instruction and supervision, Joseph
       Ivan Goyer, III got electrocuted and died.

21.   Kathy G. Bryan and Joseph Ivan Goyer, Jr. as Co-Personal
       Representatives of the Estate of Joseph Ivan Goyer, III sued Bryan
       Electrical in Florida State court alleging Bryan Electrical caused the death
       of Joseph Ivan Goyer, III, because Bryan Electrical knew Vance Bryan
       was addicted to, and under the influence of, illegal drugs around or at the
       time he was instructing and supervising Joseph Ivan Goyer, III.

22.   The case number is 05CA005164S in the Circuit Court in and for
       Okaloosa County, Florida.

23.   Bryan Electrical claimed, and continues to claim, that its liability, if any, for
       the death of Joseph Ivan Goyer, III, is covered by the Exhibit "A"
       insurance policy.  Bryan Electrical demanded, and continues to demand,
       defense and indemnity from Clarendon under the Exhibit "A" insurance
       policy.

24.   Clarendon agreed to defend to Bryan Electrical in case 05CA005164S
       under a reservation of rights.

25.   On March 12, 2010, the trial court issued "Order Granting Plaintiffs'
       Motion to Strike Answer and Affirmative Defenses and for Entry of Default
       Judgment for Fraud on the Court."   A copy of the order is attached hereto
       as Exhibit "B."

4

26.  In that order, the trial court made the following findings of fact, among
     others:

   a.  From Bryan Electrical's inception until March 2001, George Bryan
       was in charge of all the electrical work in the field, and Ellene Bryan
       handled all the paperwork associated with the business.

   b.  George Bryan retired in March 2001, and Vance Bryan took over
       running all field operations of Bryan Electrical.

   c.  Vance Bryan also became responsible for all Bryan Electrical
       employees in the field.

   d.  Vance Bryan was a managerial agent of Bryan Electrical.

   e.  Vance Bryan tested positive for cocaine on October 4, 2002.

   f.  At a permanency hearing that occurred on October 8, 2002, Vance
       Bryan's children were placed in the custody of Ellene Bryan
       because of Vance Bryan's substance abuse and failure to remain
       drug free and compliant with his case plan.

   g.  During case number is 05CA005164S, Vance Bryan intentionally
       and willfully gave false testimony under oath regarding a significant
       and material issue in the case, namely his drug use at or around
       the time of Joseph Ivan Goyer, III's death.

   h.  Vance Bryan perpetrated fraud on the Court in deliberate and
       contumacious disregard for the Court's authority.

5

27.   As a sanction for perpetrating fraud on the Court, the trial court struck
        Bryan Electrical's answer and affirmative defenses, entered a default
        judgment against Bryan Electrical, and ordered the case go to trial solely
        on the matter of damages.  *See* Exhibit "B."

28.   After the March 12 order was issued, Clarendon sent Bryan Electrical
        another reservation of rights letter.  A copy of that letter is attached hereto
        as Exhibit "C."

29.   The case proceeded to trial solely on damages, and the jury returned a
        verdict against Bryan Electrical, and in favor of Kathy G. Bryan and
        Joseph Ivan Goyer, Jr., for $902,844.00.

30.   In pertinent part, the insurance policy says:

PART FOUR
YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by
this policy.  Your other duties are listed here.

...

4.   Cooperate with us, and assist us, as we may
     request, in the investigation, settlement or
     defense of any claim, proceeding or suit.

...

31.   Bryan Electrical materially breached the cooperation clause quoted in
        Paragraph 30 above by intentionally and willfully giving false testimony
        under oath regarding a significant and material issue in case

6

05CA005164S thereby perpetrating a fraud on the Court in deliberate and contumacious disregard for the Court's authority.

32. Bryan Electrical's material breach of the cooperation clause caused substantial prejudice to Clarendon in the settlement and defense of the claim and suit.

33. Clarendon is relieved of all duties under the insurance policy including the duties to defend and indemnify Bryan Electrical.

34. There is a *bona fide* actual present and practical need for a declaration that Clarendon is relieved of the duties to defend and indemnify Bryan Electrical.

35. There is a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning Clarendon's duties to defend and indemnify Bryan Electrical.

36. Clarendon's duties to defend and indemnify Bryan Electrical are dependent on the facts or the law applicable to the facts alleged herein.

37. Clarendon and Bryan Electrical and Kathy G. Bryan and Joseph Ivan Goyer, Jr. as Co-Personal Representatives of the Estate of Joseph Ivan Goyer, III, have an actual, present, adverse, and antagonistic interest in this matter.

38. The adverse interests of Clarendon and Bryan Electrical and Kathy G. Bryan and Joseph Ivan Goyer, Jr. as Co-Personal Representatives of the

7

Estate of Joseph Ivan Goyer, III, are properly before this Court.

39. The relief sought is not merely the giving of legal advice by the Court nor the answer to a question propounded from curiosity.

40. All conditions precedent to the initiation and maintenance of this action have been met, have occurred, or have been waived.

**WHEREFORE**, Clarendon demands entry of judgment in its favor declaring and adjudicating that Clarendon has no duties under the insurance policy, including no duties to defend or indemnify Bryan Electrical in case 05CA005164S or any other suit or proceeding related to the death of Joseph Ivan Goyer, III. Clarendon demands judgment for its costs and any further relief the Court deems just and proper.

> Respectfully submitted by:
> BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
>
> /s/ Lee Craig
> LEE CRAIG, ESQUIRE
> FL Bar No.: 0485985
> lcraig@butlerpappas.com
> 777 S. Harbour Island Boulevard, Suite 500
> Tampa, FL 33602
> Telephone: (813) 281-1900
> Facsimile: (813) 281-0900
> Counsel for Plaintiff Clarendon Nat. Ins. Co.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of August, 2010, I electronically

filed the foregoing document with the Clerk of Court using CM/ECF. I also certify

that the foregoing document is being served this day on all counsel of record or

pro se parties identified on the attached Service List in the manner specified,

either via transmission of Notices of Electronic Filing generated by CM/ECF or in

some other authorized manner for those counsel or parties who are not

authorized to receive electronically Notices of Electronic Filing.


/s/ Lee Craig
LEE CRAIG, ESQUIRE

## SERVICE LIST

**Clarendon National Insurance Company**
**vs.**
**Bryan Electrical Construction, Inc., and Kathy G. Bryan and Joseph Ivan Goyer, Jr. as Co-Personal Representatives of the Estate  of Joseph Ivan Goyer, III.**
**United States District Court, Northern District of Florida**

Michael A. Jones, Esq.
Jones & Flowers
P.O. Box 947
323 E. John Simms Parkway
Niceville, FL 32588
Attorney for Bryan Electrical Construction, Inc.
*VIA US MAIL*

Brent F. Bradley, Esq.
Kinsey, Troxel, Johnson, Walborsky & Bradley, P.A.
438 East Government Street
Pensacola, FL 32502
Attorney for Kathy G. Bryan and Joseph Ivan Goyer, Jr. as Co-Personal Representatives of the Estate of Joseph Ivan Goyer, III.
*VIA US MAIL*

10